**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

FRIEDMAN & FRIEDMAN, LTD., an
Illinois Corporation, JEANNE ENDERS,
ARIE S. FRIEDMAN, GAIL TULER
FRIEDMAN, and EUGENE F.
FRIEDMAN,

      Plaintiffs/Counterclaim
      Defendants,

vs.

TIM McCANDLESS INC., an Iowa
Corporation, PAUL ROLOFF,
SWIETER AIRCRAFT SERVICES,
INC., an Iowa Corporation, IRWIN
SWIETER, and RICHARD BAXTER,

      Defendants/Counterclaim Plaintiff.

No. C05-2007
No. C05-0114

**ORDER**

_____

      This matter comes before the court pursuant to counterclaim defendant Arie Friedman's August 22, 2005 motions to dismiss (docket number 11 - C05-114).  Arie Friedman argues that he should be dismissed as a counterclaim defendant from this lawsuit because McCandless' claims are based on litigation filed in Illinois by Friedman & Friedman, Ltd. and Jeanne Enders.  Specifically, McCandless' lawsuit alleges that Friedman & Friedman, Ltd., Jeanne Enders, and Arie Friedman breached an aircraft purchase agreement.  The agreement contained a forum selection clause requiring that all litigation occur in Iowa, but Friedman & Friedman, Ltd. and Jeanne Enders filed suit against Tim McCandless Inc. and others in Illinois.  The filing of the Illinois litigation, McCandless alleges, also constitutes fraud and abuse of process.

      Arie Friedman was not a party to the Illinois litigation.  Thus, Arie Friedman argues, McCandless has not alleged a colorable claim against him and he should be

dismissed as a counterclaim defendant.

McCandless resists Arie Friedman's motion to dismiss, arguing only that Arie Friedman has included himself as a plaintiff in a claim of fraud against Tim McCandless and others arising out of the sale of the aircraft involved in this litigation.

Friedman's motion is based upon Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). A complaint shall not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of his claim that would entitle him to relief. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993); Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 739 (8th Cir. 2002). When analyzing the adequacy of a complaint's allegations under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. Id.

The complaint shows that Arie Friedman was not a party in the Illinois litigation. This is an insuperable bar to McCandless' recovery against him for breach of contract, fraud, and/or abuse of process based upon the filing of that suit. See The New Uchtorff Companies, Inc. v. Johnson Mfg., W.O.P., Inc., 683 N.W.2d 126 (Iowa Ct. App. 2004) ("The elements of abuse of process are (1) the use of legal process, and (2) its use in an improper or unauthorized manner.") Even viewing the complaint in a light most favorable to McCandless, it is undisputed that Arie Friedman was not a party to the Illinois litigation. The motion to dismiss is granted. Should discovery reveal some other basis for recovery, Tim McCandless Inc. can move to amend its complaint.

Upon the foregoing,

IT IS ORDERED that defendant Arie Friedman's motion to dismiss (docket number 11 - C05-114) is granted.

November 15, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT