# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| FRIEDMAN & FRIEDMAN, LTD., an Illinois Corporation, JEANNE ENDERS, ARIE S. FRIEDMAN, GAIL TULER FRIEDMAN, and EUGENE F. FRIEDMAN, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> TIM McCANDLESS INC., an Iowa Corporation, PAUL ROLOFF, SWIETER AIRCRAFT SERVICES, INC., an Iowa Corporation, IRWIN SWIETER, and RICHARD BAXTER, <br><br> Defendants/Counterclaim Plaintiff. | No. C05-2007 <br> No. C05-0114 <br><br> **ORDER** |

This matter comes before the court pursuant to counterclaim defendant Jeanne Enders' August 22, 2005 motions to dismiss (docket number 12). Enders argues that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6) because she never, in any capacity, signed the Aircraft Purchase Agreement which forms the basis of the counterclaim. Enders further argues that she should be dismissed as a counterclaim defendant under Fed. R. Civ. P. 12(b)(2) because she lacks sufficient minimum contacts with the state of Iowa to support an exercise of personal jurisdiction. According to Enders' declaration, filed in support of her motion, she has never been in the state of Iowa, and her only connection with the state of Iowa concerning the purchase of the aircraft at issue has been to be a named plaintiff in case number C05-2007, filed in the Northern District of Iowa in January 2005. According to the declaration of Eugene F. Friedman, president of Friedman & Friedman, Ltd., Enders had no role or part in negotiating the

purchase of the aircraft at issue, and had no contact with the plaintiff at any time to the present.

McCandless resists Enders' motion, arguing that Enders was a named plaintiff in the Illinois litigation, which is the basis of this lawsuit, although her interest in the aircraft or the litigation is unclear. In an effort to determine whether Enders should be included in this litigation, plaintiff has propounded two interrogatories on Enders, and seeks to have them answered prior to dismissal.

The court may exercise personal jurisdiction over a defendant where the defendant has sufficient minimum contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

> Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

As a threshold matter, a court must determine whether a nonresident defendant has purposefully availed itself of the privilege of conducting activities in the forum state. Papachristou v. Turbines, Inc., 902 F.2d 685 (8th Cir. 1990).

The court examines whether the defendant has invoked the benefits and protections of Iowa law by reason of contacts with Iowa, Hanson v. Denckla, 357 U.S. 235, 253 (1958), whether defendant's contact with Iowa is such that the defendant should "reasonably anticipate being haled into court" in Iowa, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980), and whether the defendant could have foreseen that any wrongful acts committed would have a significant impact on the plaintiff in Iowa, Universal Cooperatives, Inc. v. Tasco, 300 N.W.2d 139, 145 (Iowa 1981).

Jeanne Enders was a named plaintiff in the Illinois litigation, which form the basis of McCandless' counterclaim. Further, Enders is a named plaintiff in case number C05-2007, which was filed in this court on January 13, 2005, and which plaintiffs moved to consolidate with case number C05-114. Thus, Enders has voluntarily invoked the benefits

2

and protections of the federal courts here in Iowa. See Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd., 292 F.3d 1363, 1372 (Fed. Cir. 2002) (holding that PER waived its personal jurisdiction defense by voluntarily invoking the court's jurisdiction as a plaintiff in a class action); General Contracting & Trading Co. v. Interpole, Inc., 940 F.2d 20, (1st Cir. 1991) (finding it "pellucidly clear that, by bringing Suit 2, [third-party defendant] Trastco submitted itself to the district court's jurisdiction in Suit No. 1."). Enders' motion to dismiss for lack of personal jurisdiction is denied.

Likewise, Enders' Rule 12(b)(6) motion to dismiss is denied. At this early juncture, Enders' precise role or interest in this matter is unclear, but she is a named plaintiff in C05-2077, and the discovery propounded on her should help the plaintiff decide whether it wishes to pursue a claim as to her, or whether she should be dismissed after discovery by a later summary judgment motion.

Upon the foregoing,

IT IS ORDERED that defendant Jeanne Enders' motion to dismiss (docket number 12 - C05-114) is denied.

November 15, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

3